UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 0 6 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| SOUTH BAY LINKS AT PORT ISABEL, INC., F/K/A SOUTH PADRE ISLAND GOLF AND LINKS-PORT ISABEL, INC. § § § § § **Plaintiffs** § § vs. § § **CAMERON COUNTY FRESH WATER SUPPLY DISTRICT NO. 1, N/K/A LAGUNA MADRE WATER DISTRICT, Et. Al.,** § § § § § **Defendants.** § | Civil No. B-96-119<br><br>Referred Adversary No. 97-2172-B |

## ORDER

Before this Court is the Report and Recommendation of the bankruptcy judge on Plaintiffs' Motion for Withdrawal of Reference. After a de novo review of the entire file this Court is of the opinion that said Report and Recommendation should be adopted. In addition, however, this Court makes the following determinations on an issue which the bankruptcy court did not address.

This case was referred to the bankruptcy court on September 5, 1997 due to the pendency of a Chapter 11 Bankruptcy Petition filed by one of the parties. It has come to this Court's attention that said Chapter 11 petition has been dismissed. The dismissal however, does not take jurisdiction away from the bankruptcy court. The Fifth Circuit has held that the determination of the bankruptcy court's retention of jurisdiction is analogous to the jurisdiction of federal courts to

hear pendent state claims after federal claims have been dismissed. *Querner v. Querner*, 7 F.3d 1199, 1202 (5th Cir. 1993). This Court must then consider the four factors used by the Supreme Court: economy, convenience, fairness and comity. *Id.*, citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353, 108 S. Ct. 614, 620-621, 98 L.Ed.2d 720 (1988).

This Court feels that the application of the four factors stated above calls for the bankruptcy court's retention of jurisdiction. Extensive judicial resources have been expended by the bankruptcy court. Endless pre-trial matters have been heard by said court and no one is more familiar with the facts. The only other court to have heard pre-trial motions is a now retired United States Magistrate Judge who heard preliminary matters in this case over two years ago.

Therefore, it seems clear that judicial economy and convenience weigh in favor of the bankruptcy court proceeding with the pre-trial matters. In considering the factor of fairness, with this Court's overwhelming docket, withdrawing the reference to the bankruptcy court would cause unduly delays in the proceedings. The Plaintiff is asking that the case be returned to this Court. As such, comity is not at issue here.

It is therefore the opinion of this court that the above stated cause continue to be referred to the bankruptcy court and Plaintiff's Motion to Withdraw Reference be and is hereby **DENIED**. All pre-trial matters to be disposed of by the bankruptcy court no later than the **20th day of August, 1999** and this case is set for **Final Pre-trial on the 2nd day of September, 1999 at 8:30 a.m. and Jury Selection on the 3rd day of September, 1999 at 9:00 a.m. in United States District Judge Filemon B. Vela's courtroom on the Third Floor of the Federal Courthouse, 600 E. Harrison St., Brownsville, Texas.**

The bankruptcy judge is requested to order pre-trial hearings pursuant to preparing this case for jury trial. These hearings should include the disposition of all pending motions.

The parties are hereby **ORDERED** to file no later than the **20th day of August, 1999** with the Bankruptcy Judge a Proposed Joint Jury Charge and a Joint Final Pre-trial Order setting forth:

a. the nature of the case;
b. contentions of the case;
c. stipulations;
d. specific issues of fact, as they are to be submitted to the jury;
e. issues of law if any;
f. list of all pending motions;
g. approximate duration of trial.

**THE PRE-TRIAL ORDER SHALL SERVE AS THE TRIAL PLEADINGS. FAILURE TO FILE THE PRE-TRIAL ORDER WITHIN THE TIME PERIOD INDICATED WILL RESULT IN DISMISSAL OF THIS CAUSE OF ACTION FOR WANT OF PROSECUTION.**

**SO ORDERED.**

It is further **ORDERED** that:

Defendant's Motion to Strike the Letter Correspondence and Motion for Sanctions [#52-1,2] is **DENIED**

Defendant's Motion for Reconsideration [#63] is **DENIED**

Third Party Defendant's Motion for Reconsideration [#64] is **DENIED**

Plaintiff's Request for Hearing on Report and Recommendation [#65] is **DENIED**

All other Pending Motions [#56, #57, #58] are hereby **DISMISSED to be re-urged before the bankruptcy judge.**

DONE this __6th__ day of August, 1999 in Brownsville, Texas.

_____
Filemon B. Vela
United States District Judge