U.S. COURT OF APPEALS
FILED

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

JUL 0 6 2001

CHARLES R. FULBRUGE III
CLERK

---

No. 99-41499

---

CAB-96-119

United States District Court
Southern District of Texas
FILED

AUG 0 1 2001

Michael N. Milby
Clerk of Court

CAMERON COUNTY FRESH WATER SUPPLY
DISTRICT NO. 1, now known as Laguna
Madre Water District; ET AL;

        Plaintiffs,

CAMERON COUNTY FRESH WATER SUPPLY
DISTRICT NO. 1, now known as Laguna
Madre Water District;

        Plaintiff-Appellant,

versus

NUEVACORP INC. d/b/a Sand Dollar Realty
and Management; JOHN P. THOBE

        Defendants-Appellees.

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 96-CV-119

---

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    We have considered carefully the complex and tortured record in this case, examining its travels through the state court, then to the district court, then to the bankruptcy court, and finally to

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court once again. We conclude that the district court did not err in dismissing the claims asserted in this appeal. This case has been pending since South Bay Links filed its original petition on August 9, 1995. Our consideration of the record, briefs, and oral argument leads us to the conclusion that the only alleged damages that the appellants have not abandoned and can articulate relate to the cost of pre-litigation negotiations with South Bay Links for the water contracts, the attorney's costs and fees for the defense of the South Bay lawsuit brought against the Water District, and the attorneys' costs and fees relating to Thobe's intervention against the Water District, all of which seem to have been disregarded or transformed by the district court into a request for sanctions against Thobe and Nuevacorp. Even when these incurred costs are considered as damages alleged in the complaint, the Water District fails to allege facts sufficient to establish causation on the part of Thobe and Nuevacorp. Furthermore, when these costs are treated as sanctions, we hold that the district court did not abuse its discretion in denying sanctions against Thobe and Nuevacorp. The judgment of the district court is therefore

                                            A F F I R M E D.